MaddeN, Judge,
delivered the opinion of the court:
The Government has demurred to the plaintiff’s petition. The petitioner alleges that he is the Receiver of Detroit Bankers Company and that this is a “Receiver’s and stockholders’ suit” to compel an accounting and repayment of upwards of $3,500,000 which the Secretary of the Treasury and the Comptroller of the Currency and the Receiver of the First National Bank-Detroit illegally and secretly abstracted from the assets and trust estate of said bank, while the bank was in receivership in the process of liquidation, and used and paid out for attorneys’ fees, contrary to the pertinent Acts of Congress; and for a similar accounting and repayment of $1,251,000 similarly abstracted and spent by the same persons for salaries and for the hire of clerks and other employees in the office of the Comptroller of the Currency in Washington, D. C. Most of the further facts alleged in the petition are substantially the same as those recited in our decision in the case of Lucking and Davis v. United States, 102 C. Cls. 233, and will not be repeated here.
The petitioner alleges that Detroit Bankers Company, of which he is Receiver, is the owner and holder of all the shares of the capital stock of the First National Bank-Detroit.
In the Lucking case, supra, we held that neither Lucking, as a former depositor in the First National, who had been repaid in full as a depositor, nor he and his coplaintiff, as shareholders in Detroit Bankers Company, could maintain class suits to remedy the wrongs alleged in the petition. We held that the claims, if enforceable, belonged to the First National Bank-Detroit, or its receiver; that if a stockholder’s suit was necessary, Detroit Bankers Company was the sole stockholder, and that no showing had been made that it or its receiver had refused to sue.
. The present suit is by the Receiver of the Detroit Bankers Company, which, the petition alleges, is the sole stockholder of First National Bank-Detroit. The Government, *312 in support of its demurrer, contradicts this statement and quotes, in an appendix to its brief, an order of the District Court of the United States for the Eastern District of Michigan, Southern Division, entered on July 29, 1938, authorizing the Eeceiver of the First National Bank-Detroit to compromise and settle various controversies between himself and the then Receiver of Detroit Bankers Company. Paragraph 3 of the order said: “The Receiver of Detroit Bankers Company is to transfer and deliver unto the Receiver of First National Bank-Detroit the shares of the capital stock of First National Bank-Detroit now held by said Detroit Bankers Company, and said Receiver is to hold said shares of stock as custodian for the shareholders of Detroit Bankers Company.” The plaintiff, in its brief, refers to this statement of the Government and does not contradict it or attempt to explain the Court’s order as being anything different from what it seems on its face to be, i. e., a complete divestment of the Detroit Bankers Company of all interest in the stock of the First National Bank-Detroit, and the transfer of any beneficial interest in that stock to the direct ownership of the stockholders in Detroit Bankers Company, thus eliminating the latter company as a stockholding company.
We cannot, in view of this official court record, not contradicted by the plaintiff, and of which we take judicial notice, accept the plaintiff’s statement in his petition that his principal, Detroit Bankers Company, owns the stock of First National. But unless we accept that statement, the only possible ground for his suit is lacking, and the demurrer must be sustained.
The Government, in further support of its demurrer, asserts that even if the plaintiff were a stockholder in First National Bank-Detroit, he would have no right to sue because neither he nor any other stockholder, as such, could benefit from any recovery. It points to the allegation in the plaintiff’s petition that “the closed bank’s stockholders have paid double (statutory) liability assessments of over $19,000,000 to the Bank Receiver”, i. e., the Receiver of First National Bank-Detroit. In fact it was not the First National’s stockholders, but the stockholders of Detroit Bank *313 ers Company, against whom the statutory assessments were made. The reasons for this unusual step are given in our opinion in the Lucking case, supra, 102 C. Cls., at pages 239, 240. A total of $25,000,000 was assessed against these stockholders, and some $19,000,000 was collected. The Government points out that, under the provisions of the National Bank Act, 12 U. S. C. 197, after the creditors of an insolvent National Bank have been paid, any assets available shall nest be used to repay any assessments which have been paid by any shareholder in the bank. The stockholders of the bank, as such, receive a dividend only if the creditors have been paid in full and the assessments have been repaid. The creditors of First National have been paid, but, so far as appears from the petition, no part of the $19,000,000 paid in by assessed shareholders has been repaid. Even if the plaintiff’s principal were a shareholder in First National, it would not, therefore, benefit by the recovery of the approximately $5,000,000 claimed in this suit. It may not, therefore, maintain the suit.
The Government’s demurrer is sustained and the petition is dismissed.
It is so ordered.
Jones, Judge; Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.